**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2008 NOV -3  PM 2: 47

JACKSONVILLE, FLORIDA

**UNITED STATES OF AMERICA,**

**v.**                                                        **Case No. 3:05-cr-53-J-20MCR**

**KENNETH LEE WILKES**
_____ /

**O R D E R**

This cause is before this Court on Defendant's Motion for Jail Time Credit (Dkt. 570).

In Defendant's motion, he alleges he is entitled to jail time credit while he is incarcerated from February 28, 2005, until March 9, 2006.  While "[c]ourts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit." *Gonzalez v. U.S.*, 959 F.2d 211, 212 (11th Cir. 1992). Therefore, the proper vehicle by which a defendant can challenge the Bureau of Prison's withholding of good time credit is pursuant to 28 U.S.C. § 2241.  Even if this Court were to construe the instant petition as a writ of habeas corpus, Defendant must first exhaust his administrative remedies. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004).  Having failed to exhaust those remedies, Defendant's motion must be denied.

Accordingly, it is **ORDERED**:

Defendant's Motion for Jail Time Credit (Dkt. 570) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3-d day of November, 2008.

**HARVEY E. SCHLESINGER**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Kenneth Lee Wilkes, pro se
D. Rodney Brown, Esq.